```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

NASIR M. QUERESHI,
                                    CIVIL CASE NO. 02-40272
            Plaintiff,
                                    HONORABLE PAUL V. GADOLA
v.                                  U.S. DISTRICT JUDGE

OAKLAND COUNTY, AND PROSECUTOR
OF OAKLAND COUNTY, CITY OF
WIXOM, AND PEOPLES IN THEIR
OFFICIAL CAPACITY, POLICE
OFFICER S. LUTHER, DETECTIVE V.
KLOCK, SGT. J. OSBORNE, AND ALAA
SABRAH REPRESENTATIVE OF WIXOM
SMOKER'S,

            Defendants.
_____/

## **OPINION AND ORDER DENYING WIXOM DEFENDANTS' MOTION FOR COSTS AND ATTORNEY FEES**

Before the Court is a motion by Defendants City of Wixom, Luther, Klock, and Osborne for costs and attorney fees (referred to collectively as "Defendants" in this order), which was accepted for filing on March 14, 2005. Plaintiff did not file a response to the motion. For the reasons stated below, the Court will deny without prejudice Defendants' motion for costs and deny Defendants' motion for attorney fees.

Plaintiff, who is proceeding pro se, brought claims before this Court under 42 U.S.C. § 1983 relating to an arrest and proceedings in state court. This Court previously entered judgment

for the Defendants.  Defendants now seek costs as well as attorney fees as prevailing parties under 42 U.S.C. § 1988.

The Court will first address Defendants' motion for costs pursuant to Federal Rule of Civil Procedure 54(d).  Local Rule 54.1 for the Eastern District of Michigan states that "[c]osts will be taxed by the Clerk as provided in the Bill of Costs Handbook available from the Clerk's Office."  E.D. Mich. Local R. 54.1.  The motion for costs submitted by Defendants does not conform to the local requirements.  For example, it is not submitted on the proper form.  See Handbook at p. 1.  Accordingly, the Court will deny Defendants' request for costs without prejudice.

Next, Defendants request attorney fees as provided by 42 U.S.C. § 1988.  Defendants request attorney fees totaling $15,446.00, accumulated through hourly billing at rates of $120.00 to $125.00 per hour.  This includes over 30 hours for the research and drafting of a motion for summary judgment, the brief for which was only eight pages in length, and its exhibits.  The Court, however, does not need to reach the issue of whether the attorney fees are reasonable because Defendant has not met the standard articulated in case law for awarding attorney fees in civil rights actions.

In actions brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United

States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). In this case, Defendants are the prevailing party; the Court granted Defendants' motion for summary judgment on the merits and entered judgment in Defendants' favor, stating that Plaintiff takes nothing from Defendants. Case law, however, has limited the ability of defendants to recover attorney fees from plaintiffs in civil rights actions. As the Sixth Circuit has explained,

> courts are reluctant to award fees to defendants for fear of chilling willingness to bring legitimate civil rights claims. Accordingly a prevailing defendant should recover <u>only if</u> the district court finds that the original complaint was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."

<u>Shelton v. City of Taylor</u>, 92 Fed. Appx. 178, 185 (6th Cir. 2004) (quoting <u>Wayne v. Village of Sebring</u>, 36 F.3d 517, 530 (6th Cir. 1994)) (emphasis added). The Sixth Circuit has further advised that "imposing attorney's fees . . . is an 'extreme sanction' that must be limited to 'truly egregious ... misconduct.'" <u>Id.</u> (quoting and citing <u>Jones v. Continental Corp.</u>, 789 F.2d 1225, 1232 (6th Cir. 1986)).

Defendants' motion for attorney fees does not address this standard articulated in the case law, nor does the motion argue that Plaintiff's conduct in filing the complaint was egregious. The extent of the argument in the motion is that Plaintiff "continued his frivolous civil action" even after his criminal

conviction. Br. at 1. The Court concludes that Plaintiff's filing of this action did not constitute egregious misconduct. The action was stayed pending the outcome of the criminal proceeding, and the matter was promptly adjudicated on Defendants' motion after the stay was lifted. Plaintiff did not file any briefs opposing Defendants' motion for summary judgment, nor did Plaintiff oppose this motion for fees.

Having considered the pleadings and history of this case, the Court concludes that this is not such an egregious case such that the extreme sanction of attorney fees would be warranted, particularly against a pro se Plaintiff in a civil rights action such as this.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for costs [docket entry 37] is **DENIED WITHOUT PREJUDICE** and Defendants' motion for attorney fees [docket entry 37] is **DENIED**.

**SO ORDERED.**

Dated:   April 21, 2005         s/Paul V. Gadola
                                HONORABLE PAUL V. GADOLA
                                UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 22, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                Carlito H. Young                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Morris H. Goodman; Nasir-uddin M. Qureshi              .


                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845